**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11 CR 16**

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARTIN MEDINA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came before the Court, pursuant to a Violation Report (#21) alleging that there had been a violation of the terms and conditions of defendant's pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, James Mills, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the arguments of the Assistant United States Attorney, the arguments of counsel for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: A bill of indictment was filed on August 2, 2011 presenting criminal charges against the defendant. In counts one and two, defendant was charged with engaging in a sexual act with a person who had not attained the age of 12 years, in violation of 18 U.S.C. § 2241(c) and 2244(a)(5). In the third count of the bill of indictment, defendant was charged with first degree burglary in violation of N.C.G.S. § 14-51. Defendant was arrested on August 12, 2011. On August 23, 2011 the

undersigned conducted a detention hearing and after hearing evidence entered an Order releasing defendant on terms and conditions of pretrial release. The Court stayed the entry of the Order to provide the government with an opportunity to appeal the entry of the release order. On September 6, 201, United States District Judge Martin Reidinger entered an Order denying the government's appeal and affirming the entry of the release order. Defendant was released on terms and conditions of pretrial release on September 9, 2011. On September 27, 2011 the undersigned held a further hearing in regard to conditions of release of defendant and at that time entered an Amended Order (#20) which added a condition of release that "no person under the age of 18 years can go into the home of Sandra Hill, custodian of the defendant". On October 6, 2011 the United States Probation Office filed the Violation Report which alleged the following violation

> The defendant has allegedly violated the condition of bond which states " no person under the age of 18 years of age can go into the home of Sandra Hill, custodian of the defendant" in that it is alleged that a child around the age of six was at Sandra Hill's residence on Saturday October 1st, 2011.

In the original Order releasing defendant the undersigned had placed defendant in the custody of Sandra Hill who is a relative of the defendant. Further terms and conditions required that defendant be in-home incarceration at the home of Ms. Hill and subject to both radio frequency monitoring and active global positioning monitoring.

The government call as a witness Misty Tabor, an employee of the Swain County Department of Social Services. Ms. Tabor testified that as a part of her employment she went on Saturday morning, October 1, 2011 to the residence of Sandra Hill to review a safety assessment with Ms. Hill's son, Patrick Hill, regarding any contact that the two minor children of Patrick Hill might have with defendant. When Ms. Tabor arrived, she found there was a small child, age four to five, that was standing at an open door that lead into the kitchen area of Sandra Hill's home. Ms. Tabor asked the minor child if Sandra Hill was home. At that time, the child went through the door and into the home and shortly thereafter the defendant came to the door. Ms. Tabor asked defendant if Patrick Hill was present. The defendant then returned into the home and Patrick Hill came outside of the home and had a conversation with Ms. Tabor. Patrick Hill advised Ms. Tabor that the minor child was his child and he and the minor child were at Ms. Sandra Hill's home for the purpose of obtaining some item of warmer clothing for the minor child.

Officer Lloyd Wolf was also called as a witness by the government. Officer Wolf is employed as a detective with the Cherokee Police Department and has been employed in that position for eight years. On October 3, 2011, Det. Wolf received a complaint from another officer in the employee of the Cherokee Police Department. The officer told Det. Wolf that she had received a complaint from Amber Hill who is the wife of Patrick Hill. In the complaint, Amber Hill stated that her two minor

children had been staying at Sandra Hill's home in violation of the Order of the Court and they had done so during the previous weekend. Det. Wolf went to the home of Sandra Hill and had a conversation with her. Ms. Hill denied that the two minor children of her son Patrick had been staying at the home. She invited Det. Wolf to inspect the home but Det. Wolf declined.

Patrick Hill testified as a witness for the defendant. Mr. Hill stated that on Saturday morning, October 1, 2011 it was his intent to take his son to a local youth league football game. The weather was cold and Patrick Hill determined to stop by his mother's home and see if he could locate warmer clothing for his son. He instructed his son to stay in the car and not go into Sandra Hill's home. While Patrick Hill was searching for warmer clothing for the child, the defendant told Patrick Hill that Ms. Tabor was outside of the home. Patrick Hill then went outside the home and had a conversation with Ms. Tabor. After Ms. Tabor left, Patrick Hill took the minor child into the home of Sandra Hill so that the child could get out of the cold weather. The child was in the home with Patrick Hill and defendant for a period of somewhere between thirty seconds to five minutes. Patrick Hill then took the minor child to the youth league football game. Thereafter the minor child has not been to the home of Sandra Hill. At no time has Patrick Hill's daughter been to the home of Sandra Hill since defendant has been residing at Ms. Hill's home.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>   (1)   finds that there is----
>      (A) probable cause to believe that the person has committed a
>   Federal, State, or local crime while on release; or
>      (B) clear and convincing evidence that the person has violated any
>       other condition of release; and
>   (2)   finds that ---
>      (A) based on the factors set forth in section 3142(g) of this title, there
>   is no condition or combination of conditions of release that will assure that the
>   person will not flee or pose a danger to the safety of any other person or the
>   community; or
>      (B) the person is unlikely to abide by any condition or combination
>   of conditions of release.
>
>   If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is not probable cause to believe the defendant committed a federal, state or local crime while on conditions of pretrial release. The Court has considered whether or not there is clear and convincing evidence that the defendant violated any other condition of release. Defendant's counsel has argued that defendant did not violate any condition of release and that the failure to comply with the terms of the release order was solely made by Patrick Hill and that the violation was only momentary. The Court has considered such argument but rejects it. This Court released defendant into the custody of Sandra Hill. The

terms and conditions of release provided under condition 8(i) that the defendant must reside in the home of Sandra Hill. The amendment to the release order provided that no person under the age of 18 years of age can go into the home of Sandra Hill, custodian of the defendant during the period of time that defendant is on terms and conditions of pretrial release. Although the defendant did not himself personally violate the condition of release, there is clear and convincing evidence that the condition of release was, in fact, violated. In short, the defendant and the custodian did not comply with the term and condition of release.

At the time the undersigned considered the release of defendant there was residing in the home of Sandra Hill her two sons, her daughter and the daughter's significant other, the daughter's child. The two minor children of Patrick Hill, her son, were residing in the home on occasion. As a result of the Court's entry of the Order, Patrick Hill and his children and Sandra Hill's daughter and her children have all had to move from the home of Sandra Hill and make other living arrangements. It is apparent to the Court that the family of Sandra Hill has been disrupted as a result of the Order of the Court. At the present time this Court questions whether or not the orders of the Court will be complied with if defendant is residing at the home of Sandra Hill.

The undersigned further finds that at this point in time, defendant cannot abide

by the condition that he be in the custody of a suitable custodian and on home detention and that there be no children in the home where defendant is residing. If defendant and his counsel can present to the Court a suitable custodian who can supervise defendant and who has a home where defendant can be released on home detention where there will be no children under age 18 visiting, then the undersigned will consider whether or not to again release defendant on terms and conditions of pretrial release. At the present time, however, the undersigned will enter an order revoking the terms and conditions of pretrial release previously issued in this matter and enter an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter or a motion filed by counsel for defendant and the presentation of a suitable custodian and place for defendant to reside while on pretrial release.

Signed: October 20, 2011

Dennis L. Howell
United States Magistrate Judge